**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| THERON T. MATTHEWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-CV-177-GKF-PJC |
| | ) |
| LABARGE, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the court is the Motion to Dismiss [Dkt. # 15] filed by defendant LaBarge, Inc. ("LaBarge").

"[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise the right to relief above the speculative level." *Id.* "The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim . . . ." *Hall v. Bellman*, 935 F.2d 1106, 1109-1110 (10th Cir. 1991). "Although [courts] liberally construe the complaint of a pro se plaintiff, the liberal construction rule does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be heard." *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991) (quotation omitted).

As to Count One, "Fraudulent Hiring Practices" in violation of Okla. Stat. tit. 40, § 167, Matthews alleges "the Defendant made false statements as to promoting the Plaintiff to VP of

Operation in an effort to induce the Plaintiff to accept employment with the Defendant and relocate to Oklahoma." [Sec. Am. Cmplt., Dkt. # 11, p. 4, ¶ 15]. To state a valid claim for relief under Okla. Stat. tit. 40, §§ 167, 170. Matthews must be a "workman" within the meaning of those sections. Review of the relevant statutes indicates the term "workman" includes only those individuals primarily engaged in manual labor.[1] According to the Second Amended Complaint, Matthews accepted the position of "Director of Operations" with LaBarge, and nowhere does he allege he performed any kind of manual labor. The relief provided by Okla. Stat. tit. 40, §§ 167, 170, is not available to Matthews, and hence, Count One fails to state a claim for which relief could plausibly be granted.

As to Count Two, "Liability for Damages for Willful Deceit" in violation of Okla. Stat. tit. 76, § 2, Matthews alleges that "[b]ased on the foregoing in paragraph (4), the Defendant willfully deceived the Plaintiff, with the promise to promote the Plaintiff to VP of Operations" when "[t]he Plaintiff was wrongfully terminated verses [sic] promoted." [Second Am. Cmplt., Dkt. # 11, p. 5, ¶ 17]. Count Two is predicated upon averments of fraudulent and deceptive statements by LaBarge, and is therefore subject to the heightened pleading requirements of Rule 9(b).[2] "*At a minimum*, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud,

---

[1] § 167 and § 170 do not define the term "workmen," however, the term was previously defined elsewhere in the same chapter of Title 40 of the Oklahoma Statutes to mean "laborers, workmen, and mechanics." Okla. Stat. tit. 40, § 196.2. Section 196.2 was held unconstitutional on other grounds, *City of Oklahoma City v. State ex rel. Oklahoma Dep't of Labor*, 918 P.2d 26 (Okla. 1995), but the definition of "workmen" contained therein is still informative. *See* Okla. Stat. tit. 25, § 2 ("Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears.").

[2] *See* Okla. Stat. tit. 76, § 2 ("One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."); *Rombach v. Chang*, 355 F.3d 164, 171 (2d Cir. 2004) ("By its terms, Rule 9(b) applies to all averments of fraud. This wording is cast in terms of the conduct alleged, and is not limited to allegations styled or denominated as fraud or expressed in terms of the constituent elements of a fraud cause of action.").

and [he] must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Lacy v. New Horizons, Inc.*, 2009 WL 3241299, at * 2 (slip copy) (quoting *U.S. ex. rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 726-27 (10th Cir. 2006)) (emphasis added). In his "Second Amended Complaint," Matthews alleges the content of the alleged promise made and that the promise was made "in the latter part of 2005." However, it does not indicate the individual that made the alleged promise, where the alleged promise was made, or how the alleged promise was made (e.g., in person or over the phone). The complaint does not contain the "minimum" factual allegations required by Rule 9(b).

As to Count Three, "defamation" in violation of Okla. Stat. tit. 21, § 771,[3] Matthews alleges only that "the Defendant has made malicious unprivileged publication by written and printed representations which has deprive [sic] the Plaintiff of public confidence and injured him in his occupation" [Sec. Am. Cmplt., Dkt. # 11, p. 5, ¶ 19], based on his previous allegation that "[t]he Defendant has made and continues to make derogatory comments hinder the Plaintiff ability to maintain and obtain future employment" [*Id.* at p. 4, ¶ 13]. Matthews must plead and prove: (1) a false and defamatory statement concerning plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the

---

[3] Okla. Stat. tit. 21, § 771, entitled "Libel defined," provides:
> Libel is a false or malicious unprivileged publication by writing, printing, picture, or effigy or other fixed representation to the eye, which exposes any person to public hatred, contempt, ridicule or obloquy, or which tends to deprive him of public confidence, or to injure him in his occupation, or any malicious publication as aforesaid, designed to blacken or vilify the memory of one who is dead, and tending to scandalize his surviving relatives or friends.

Okla. Stat. tit. 21, § 771 is identical to Okla. Stat. tit. 12 § 1441

publication." *Peterson v. Grisham*, 2008 WL 4363653, *2 (E.D. Okla. 2008) (citing *Cardtoons, L.C. v. Major League Baseball Players Ass'n.*, 335 F.3d 1161, 1166 (10th Cir. 2003)). Count Three is insufficient to state a claim of libel, as Matthews does not identify what the defamatory statements were. Okla. Stat. tit. 21, § 1441 ("In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally *what the defamatory matter was*, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby." (emphasis added)).[4] Accordingly, Matthews fails to state a claim under Okla. Stat. tit. 21, § 771.

As to Count Four, "derogatory references" in violation of Okla. Stat. tit. 40, §173, Matthews alleges "[t]he Defendant has made and continues to make derogatory statements blacklisting the Plaintiff." [Sec. Am. Cmplt., Dkt. # 11, p. 5, ¶ 21, *see also*, *id.* at p. 4, ¶ 13]. Section 173 provides:

> No firm, corporation or individual shall blacklist or require a letter of relinquishment, or publish, or cause to be published, or blacklisted, any employee, mechanic or laborer, discharged from or voluntarily leaving the service of such company, corporation or individual, *with intent and for the purpose of* preventing such employee, mechanic or laborer, from engaging in or securing similar or other employment from any other corporation, company or individual.

Caselaw regarding § 173 is sparse. Oklahoma courts have defined "blacklist" for purposes of this statute as "[a] list of persons marked out for special avoidance, antagonism, or enmity on the part of those who prepare the list or those among whom it is intended to circulate; as where a trades-union 'blacklists' workmen who refuse to conform to its rules, or where a list of insolvent or untrustworthy persons is published by commercial agency or mercantile association." *Nichols v. Pray, Walker, Jackman, Williamson & Marler, a Professional Corporation*, 144 P.3d 907, 911

---

[4] Nor has Matthews alleged the actionability of the statements. *Peterson*, 2008 WL 4363653, *2. And "[w]hile the amended petition does make general allegations of special damages alleged to have been sustained by the plaintiff," i.e., hindered ability to maintain and obtain future employment, "it is demurrably deficient in its failure to aver how the special damages were occasioned." *Miskovsky v. Tulsa Tribune Co.*, 678 P.2d 242, 248 (Okla. 1983) (citation omitted).

4

(Okla.Civ.App. 2006) (quoting; *State v. Dabney*, 141 P.2d 303, 307 (Okla.Crim.App. 1943); and BLACK'S LAW DICTIONARY (3d ed. 1933)).

Matthews does not allege the existence of a blacklist, what the derogatory statements were, when the statements were made, or to whom the statements were made. Given the wholly conclusory nature of Matthews's allegations, it is not plausible that Matthews is entitled to relief pursuant to § 173. *Hall*, 935 F.2d at 1109-1110; *Shero*, 510 F.3d at 1200; *see Robbins*, 519 F.3d at 1247 ("Factual allegations must be enough to raise the right to relief above the speculative level.").

As to Count Five, "Tortious Wrongful Discharge in Violation of Public Policy Oklahoma Jury Instruction §21.2," Matthews alleges he was terminated "because he (1) expressed concerns that Defendant was violating public safety laws; and (2) expressed opposition to Defendant's fraudulent conduct, in violation of public policy." [Sec. Am. Cmplt., Dkt. # 11, p. 6, ¶ 25]. According to the Oklahoma Supreme Court, "*[o]nly a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribes a norm of conduct for the state can serve as a source of Oklahoma's public policy*." *Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1212 (Okla. 2008) (emphasis in original). Accordingly, the federal statutory and regulatory provisions on which Matthews relies are legally insufficient as bases for an Oklahoma public policy tort claim. *See Gooden v. Omni Air Transport L.L.C.*, 2008 WL 686882, at ** 2-3 (N.D.Okla.).[5]

---

[5] *McKenzie v. Renberg's, Inc.,* 94 F.3d 1478, 1487 (10th Cir.1996), *cert. denied,* 520 U.S. 1186, 117 S.Ct. 1468 (1997) (court determined *Burk* claim based upon federal law falls short of stating a claim); *Griffin v. Mullinix,* 947 P.2d 177, 179 (Okla.1997) (agreeing with *McKenzie,* stating "a federal statute cannot serve as an articulation of Oklahoma public policy, absent a specific Oklahoma decision, statute or constitutional provision."); *Richmond v. ONEOK, Inc.,* 120 F.3d 205, 210 (10th Cir.1997) (*Burk* claims must have their basis in Oklahoma state law).

As to Oklahoma-based sources of public policy, "[i]n order to establish that Oklahoma has a strong public policy that would prevent [Matthew's] termination, the statute identified must govern the employer [LaBarge] and must apply to the conduct in question." *Gooden*, 2008 WL 686882, at * 4 (citing *Wilburn v. Mid-South Health Dev., Inc.,* 343 F.3d 1274, 1279 (10th Cir.2003)). Matthews identifies Okla. Stat. tit. 71, § 1-501 and Okla. Stat. tit. 40, § 403 as sources of Oklahoma law.

Okla. Stat. tit. 71, § 1-501 makes it unlawful to engage in fraudulent conduct "*in connection with the offer, sale, or purchase of a security . . . .*" *Id.* (emphasis added). Matthews alleges in conclusory fashion that "[t]he Defendant violated this statute in paragraphs (10, 11) as the Tulsa, OK operation fraudulently overstated profits, inventories and revenue." [Sec. Am. Cmplt., Dkt. # 11, p. 6, ¶ 25]. Matthews alleges LaBarge "was recognizing revenue on product that was not shipped to the customer" and "was overstating profits by $2.5M and overstating inventory by $2.5M." [*Id.* at p. 3, ¶¶10-11]. Matthews has not alleged facts plausibly indicating the alleged conduct occurred "in connection with the offer, sale, or purchase of a security" as required for § 1-501 to apply. As a result, §1-501 does not "apply to the conduct in question." *Gooden*, 2008 WL 686882, at * 4.

Okla. Stat. tit. 40, § 403 falls within Oklahoma's Occupational Safety and Health Act, Okla. Stat. tit. 40, § 401 et seq., and this court has previously determined that "because Oklahoma's Occupational Safety and Health Act applies only to public employers, it is not an adequate basis upon which to premise a *Burk* tort against a private employer." *Gooden*, 2008 WL 686882, at * 4 n. 2 (citing *Griffin v. Mullinix*, 947 P.2d 177, 179-180 (Okla. 1997)). Accordingly, Count Five does not state a claim upon which relief may plausibly be granted.

As to Count Six, Matthews alleges a violation of Okla. Stat. tit. 76, § 1. This statute provides that "[e]very person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights." A claim alleging a violation of this section is "not [an]

independent cause[] of action and need not be addressed by the Court as such. Instead, [it is] merely [a] statement of rights or legal principles*." Jensen v. Bd. of County Com'rs of Wash. County*, 2007 WL 2902881, at * 2 n. 2 (N.D. Okla.); s*ee Gilmore v. Enogex, Inc.*, 878 P.2d 360, 365 (Okla. 1994) (rejecting plaintiff's claim that "§ 1 affords him a tort claim separate and apart from his alternative breach-of-contract and wrongful discharge claims"). Indeed, in support of Count VI, Matthews merely summarizes the allegedly tortious conduct underlying the previous counts. Count Six fails to state a claim upon which relief may be granted.

WHEREFORE, defendant Labarge, Inc.'s Motion to Dismiss the "Second Amended Complaint" [Dkt. # 15] is granted.

IT IS SO ORDERED this 2nd day of November, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma